UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C. C. THOMAS | CIVIL ACTION |
| VERSUS | No. 11-1807 |
| KELLY SERVICES EMPLOYMENT AGENCY | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] seeking transfer of venue filed by plaintiff, C. C. Thomas.

It is well settled that the decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is a matter within the trial court's discretion. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The party moving for a transfer of venue "must first establish that there is an alternate forum that is both available and adequate." *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 424 (5th Cir. 2001) (internal citation omitted). "A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum." *Id.* (internal quotes omitted). "A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly…." *Id.* (internal quotes omitted); *See also, In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir. 1987). If the moving party establishes that an adequate

---

[1] R. Doc. No. 4. Plaintiff does not specify whether he seeks a transfer of venue because the current venue is improper or because the current venue is inconvenient. However, because plaintiff asserts that his change of residence is prompting the motion, the Court interprets his motion as seeking a transfer for the convenience of the parties.

1

alternative forum is available, the moving party must then demonstrate that transfer is appropriate because the alternative forum is more convenient, based on consideration of what are known as "private interest" and "public interest" factors. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1989) (citing *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947)). If the venue to which the party moves for transfer is not clearly more convenient, the plaintiff's original choice of venue should be respected by the court. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

The entirety of plaintiff's motion reads, "[d]ue to my change of state of residence to Florida, I respectfully request that this petition and filing be transferred from the State of Louisiana to the State of Florida."[2] Since plaintiff has failed to establish that any of the U.S. District Courts of Florida are available and adequate, the Court finds that plaintiff has not met his burden with respect to moving to transfer this case to a different forum.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a transfer of venue is **DENIED**.


New Orleans, Louisiana, August 1, 2011.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　LANCE M. AFRICK
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] R. Doc. No. 4.